UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HERMENA M. JOHNSON                                        CIVIL ACTION

VERSUS                                                    NO. 13-2629

CARL W. MIXON ET AL.                                      SECTION F

ORDER AND REASONS

Before the Court are Rule 12(b)(6) motions to dismiss by Carl Mixon and State Farm Fire and Casualty. For the reasons that follow, the motions are DENIED.

Background

This dispute involves alleged racial discrimination and retaliation.

Hermena M. Johnson, an African-American woman, began working for State Farm Fire and Casualty Company at its Mid-City office on Canal Street in 1996. Angela Leone was the agent in charge of the Canal Street office, and the office was composed of four licensed staff representatives and one non-licensed staff member. Two of the four licensed staff representatives were African-American and the other two were Caucasian. The one non-licensed staff member was Latino. Ms. Johnson was employed as a licensed staff representative, and her compensation included salary and commissions.

Carl Mixon became the agent in charge of the Canal Street office in 2000. Mr. Mixon allegedly instituted changes within

the office, including assigning customers to agents based on race instead of alphabetically, which had been the practice before Mr. Mixon's arrival. Mr. Mixon also replaced minority staff (both an African-American and the Latino staff member) with Caucasian employees after the minority staff members resigned. When the Latino staff member resigned, Mr. Mixon purportedly said that he did not want to expand "that business." In 2010, Mr. Mixon also moved the African-American receptionist from the front office to the back office, replacing the front-office receptionist with a Caucasian employee. Mr. Mixon also allegedly used remarks like "raghead" and "dago" in Ms. Johnson's presence.

In early 2012, Mixon terminated Johnson, who was the only remaining African-American employee in the Canal Street office. At the time of termination, Ms. Johnson had nineteen years of experience and had worked for Mixon for twelve years. Although Ms. Johnson contends that she was the top-producing licensed agent, the stated reason for Johnson's termination was that "production" was "not there." Ms. Johnson was replaced by a Caucasian employee and the Canal Street office is currently entirely Caucasian. In December 2012, Ms. Johnson found employment with another State Farm agent.

Ms. Johnson sent State Farm a draft of the complaint for this lawsuit on January 30, 2013. As a result, she alleges that State Farm retaliated against her by denying her commissions on

2

all sales from December 10-12, 2012 and February 1-April 26, 2013.

On May 6, 2013, Ms. Johnson sued Mr. Mixon and State Farm in this Court, alleging that Mr. Mixon and State Farm discriminated against her on the basis of race in violation of 42 U.S.C. § 1981, that State Farm retaliated against her in violation of 42 U.S.C. § 1981, and that State Farm discriminated against her in violation of Louisiana Revised Statute 23:332.  Mr. Mixon and State Farm now move to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## I. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).  In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  But, in deciding whether dismissal is warranted, the Court will not accept

conclusory allegations in the complaint as true.  Kaiser, 677 F.2d at 1050.  Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  A corollary: legal conclusions "must be supported by factual allegations." Id. at 678.  Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").  This is a "context-specific

4

task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings."  That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).  Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment.  See United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003).

II. Discussion

Defendants contend that plaintiff fails to state a claim upon which relief can be granted.  The Court does not agree.

*A.*

Plaintiff asserts race-based discrimination claims under 42 U.S.C. § 1981 and the Louisiana Employment Discrimination Law (LEDL).  Claims under § 1981 and the LEDL are analyzed under the same framework as Title VII employment discrimination claims. See Jones v. Robinson Prop. Grp., L.P., 427 F.3d 987, 992 (5th Cir. 2005); White v. Sloan, No. 08-3606, 2010 WL 487429, at *2 (E.D. La. Feb. 4, 2010).  To prove a claim of intentional discrimination, also called disparate treatment, a plaintiff can do so by relying on direct or circumstantial evidence.  See Dunaway v. Cowboys Nightlife, Inc., 436 F. App'x 386, 389 (5th Cir. 2011).  In the absence of direct evidence of discrimination, courts analyze discrimination claims under the burden-shifting framework established in McDonnell Douglas Corp v. Green, 411 U.S. 792, 802-05 (1973).  See Jones, 427 F.3d at 992; White, 2010 WL 487429, at *2.  Therefore, to establish a claim of race discrimination under § 1981 and the LEDL, a plaintiff must prove that she is (1) a member of a protected class; (2) qualified for the position; (3) subject to an adverse employment action; and (4) was replaced by someone outside the protected class or show that similarly situated employees were treated more favorably.

See McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir. 2007); see also Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 404 (5th Cir. 1999) (§ 1981); Mbarika v. Bd. of Supervisors of La. State Univ., 992 So. 2d 551, 562 (La. App. 1 Cir. 2008) (LEDL).

The U.S. Supreme Court and the Fifth Circuit have clearly stated that a plaintiff need not establish a prima facie case of discrimination to survive a Rule 12(b)(6) motion to dismiss. See, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-12 (2002); Raj v. La. State Univ., 714 F.3d 322, 330 (5th Cir. 2013) (noting that the district court erred by "improperly substituting an 'evidentiary standard' for a 'pleading requirement'"). "Plaintiff must simply plead a plausible claim." EEOC v. Bass Pro Outdoor World, LLC, No. 11-3425, 2013 WL 1124063, at *5 (S.D. Tex. Mar. 18, 2012) (recognizing that at the 12(b)(6) stage, the court does not require the plaintiff to plead a prima facie case). However, "the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from his obligation to allege sufficient facts to state all elements of his claim. . . . Instead, the alleged facts must also be sufficient to at least create an inference that the plaintiff was discriminated against due to his race." Wesley v. Scobee Foods, Inc., No. 12-1836, 2013 WL 3324092, at *4 n.6 (N.D. Tex. June 28, 2013). Because Rule 12(b)(6) requires the Court to accept all well-pleaded facts

as true and in a light most favorable to the plaintiff, the Court finds that plaintiff has pleaded sufficient factual allegations to state a plausible claim.[1]

Here, Johnson has alleged that she is a member of a protected class—namely, that she is an African-American.  She has also pleaded factual allegations regarding her qualifications: she had twelve years of experience working with Mr. Mixon and nineteen years of experience working with State Farm.  In addition, she was terminated, which in law constitutes an adverse employment action.  See Pegram v. Honeywell, Inc., 361 F.3d 272, 282-83 (5th Cir. 2004) ("It is beyond dispute that a termination constitutes an adverse employment action.").  As for the fourth prima facie element, defendants contend that Johnson has failed to show that she was treated less favorably than other similarly situated employees.[2]  Defendants gloss over the disjunctive nature of the fourth prima facie element:  the plaintiff must prove that she was "replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." McCoy, 492 F.3d at 556 (emphasis added).  Johnson alleges that she was replaced by a

---

[1] The Court expresses no opinion as to the merits of the claim.

[2] Specifically, State Farm notes that "Johnson does not allege she was provided with less favorable work conditions or was in any way treated less favorably than similarly situated Caucasian employees."  This may well weaken her case on the merits, but at this pleading stage does not support summary dismissal.

Caucasian employee—someone outside her protected class.

Defendants' main contentions with Johnson's complaint are that the majority of the factual allegations (with the exception of Johnson's termination) relate to other employees; the actions taken against the other employees cannot serve as the basis for Johnson's discrimination claim; and the actions against the other employees are insufficient to establish pretext for Johnson's termination.  Although the Court agrees that the complaint contains factual allegations that pertain to other employees, the complaint nevertheless alleges that defendants took action against plaintiff.  In addition, regarding the factual allegations pertaining to other employees, the U.S. Supreme Court has held that, among other things, evidence of defendant's "general policy and practice with respect to minority employment" may be relevant in demonstrating pretext.  See McDonnell, 411 U.S. at 804-05; see also Jones v. La. State Univ. Med. Ctr. & Health Care Hosp., No. 01-1687, 2003 WL 1342945, at *6 (E.D. La. Mar. 18, 2003) ("Pretext may be demonstrated in various ways, to wit: (1) by demonstrating that the defendant's reasons are unworthy of credence; (2) by evidence showing the treatment of the plaintiff before the dispute and the defendant's reaction to plaintiff's legitimate civil rights activities, and (3) by evidence of defendant's general policy and practice with respect to minority employment." (footnotes and internal quotation marks

9

omitted)); Hensley v. Gen. Motors Corp., No. 3992370, 2003 WL 298902, at *7 (N.D. Tex. Feb. 11, 2003) (noting that pretext can be demonstrated by various types of proof, including evidence on defendant's general policy and practice with respect to minority employment, and noting that courts should not limit plaintiff to a precise manner of proving pretext). Therefore, because the Court must accept all well-pleaded facts as true and in a light most favorable to the plaintiff, the Court cannot state, based on this record, that plaintiff has not sufficiently pleaded factual allegations that give rise to an inference of discrimination.

Defendants also assert that a majority of these factual allegations regarding actions taken against other employees are time barred and plaintiff cannot rely on them as a basis for her discrimination claim. The statute of limitations period is four years for claims asserted under § 1981 and one year for claims under the LEDL. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004); La. Rev. Stat. § 23:303(D). Plaintiff's main assertion, that she was terminated in 2012, is not prescribed under either statute. Plaintiff, however, erroneously relies on the continuing violation doctrine, noting that "Mixon's actions of replacing African-American employees with white employees over time, either through termination of African-American employees or otherwise, so that the entire staff is now white, constitutes recurring acts. . . . [O]nly Plaintiff's termination had the

10

degree of permanence to trigger her duty to assert her rights." The Fifth Circuit has expressly stated the continuing violation doctrine does not apply to one-time employment events like termination, demotion, or failure to hire or promote. Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 352 (5th Cir. 2001) (citing Huckabay v. Moore, 142 F.3d 233, 240 (5th Cir. 1998)). It is also unclear to the Court why plaintiff is attempting to apply the continuing violation doctrine to the actions taken against other employees: plaintiff's termination is not untimely under either statute, and plaintiff has failed to plead a claim, like hostile work environment, in which the continuing violation doctrine is applicable.

*B.*

To state a retaliation claim under § 1981, a plaintiff must show that (1) she participated in a protected activity; (2) her employer took an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action. McCoy, 492 F.3d at 556-57. Protected activity is defined as "opposition to any practice" that is rendered unlawful by antidiscrimination statutes, including the "making a charge, testifying, assisting, or participating in any investigation, proceeding or hearing" under the statutes. Ackel v. Nat'l Commc'ns, Inc., 339 F.3d 376, 385 (5th Cir. 2000). "An employee's informal complaint to an employer may constitute

11

participation in a protected activity, provided that the complaint in opposition to the conduct is unlawful, and the employee holds a good faith, reasonable belief of the conduct's unlawfulness." Clark v. Chickasaw Cnty., Miss., No. 09-192, 2010 WL 3724301, at *4 (N.D. Miss. Sept. 16, 2010).  The Court agrees that plaintiff's factual allegations are insufficient to support a retaliation claim:  plaintiff merely alleges that she sent a copy of her complaint of racial discrimination to State Farm, and "State Farm's refusal to pay Ms. Johnson commissions from December 10-20, 2012 and from and from [sic] February 1-April 26, 2013, including prohibiting Ms. Johnson from selling policies during a portion of this time, constitutes retaliatory conduct." Perhaps realizing this problem, plaintiff attempts to provide more factual allegations in her opposition memorandum, including the submission of numerous exhibits.  Although the Court can consider documents attached to or incorporated in the plaintiff's complaint, the exhibits attached to the memorandum are outside the scope of a Rule 12(b)(6) motion and improper to consider. See Causey, 394 F.3d at 288.  The plaintiff, however, does request that the Court provide her leave to amend her complaint in the event that the Court finds the complaint factually insufficient.  See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002) ("[O]ur cases support the premise that granting leave to amend is especially

appropriate . . . when the trial court has dismissed the complaint for failure to state a claim . . . . In view of the consequences of dismissal on the compliant alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." (citations and internal quotation marks omitted)).

Accordingly, IT IS ORDERED that the defendants' motions to dismiss are DENIED in part as to the discrimination claims. IT IS FURTHER ORDERED that plaintiff is allowed leave, as requested, to amend her pleading within ten days in accordance with this order; failure to do so will result in dismissal of plaintiff's retaliation claim.

New Orleans, Louisiana, August 7, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE