UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HERMENA M. JOHNSON                                   CIVIL ACTION

VERSUS                                               NO. 13-2629

CARL W. MIXON et al.                                 SECTION F

ORDER AND REASONS

Before the Court is State Farm Fire and Casualty Company's second Rule 12(b)(6) motions to dismiss.  For the reasons that follow, the motion is GRANTED in part and DENIED in part.

Background

This dispute involves alleged racial discrimination and retaliation.

Hermena M. Johnson, an African-American woman, began working for State Farm Fire and Casualty Company at its Mid-City office on Canal Street in 1996.  At the time, Angela Leone was the agent in charge of the Canal Street office, and the office was composed of four licensed staff representatives and one non-licensed staff member.  Two of the four licensed staff representatives were African-American and the other two were Caucasian.  The one non-licensed staff member was Latino.  Ms. Johnson was employed as a licensed staff representative, and her compensation included salary and commissions.

Carl Mixon became the agent in charge of the Canal Street

office in 2000.  Mr. Mixon allegedly instituted changes within the office, including assigning customers to agents based on race instead of the alphabet, which had been the practice before Mr. Mixon's arrival.  Mr. Mixon also replaced minority staff (both an African-American and Latino staff member) with Caucasian employees after the minority staff members resigned.  When the Latino staff member resigned, Mr. Mixon apparently said that he did not want to expand "that business."  In 2010, Mr. Mixon also relocated the African-American receptionist from the front office to the back office, replacing the front-office receptionist with a Caucasian employee.  Mr. Mixon also allegedly used the remarks "raghead" and "dago" in Ms. Johnson's presence.

In early 2012, Mixon terminated Johnson, who was the only remaining African-American employee in the Canal Street office.  At the time of the termination, Ms. Johnson had nineteen years of experience and had worked for Mixon for twelve years.  Although Ms. Johnson contends that she was the top-producing licensed agent, the stated reason for Johnson's termination was that "production" was "not there."  Ms. Johnson was replaced by a Caucasian employee and the Canal Street office is currently entirely Caucasian.  In December 2012, Ms. Johnson found employment with another State Farm agent.

Ms. Johnson sent State Farm a draft of the complaint for this

lawsuit on January 30, 2013.[1]  As a result, she alleges that State Farm retaliated against her by denying her commissions, prohibiting her from selling policies, and delaying the approval of her Licensed Staff Agreement (LSA).  On May 6, 2013, Ms. Johnson sued Mr. Mixon and State Farm in this Court, alleging that Mr. Mixon and State Farm discriminated against her on the basis of race, in violation of 42 U.S.C. § 1981, that State Farm retaliated against her, in violation of 42 U.S.C. § 1981, and that State Farm discriminated against her, in violation of Louisiana Revised Statute 23:332.

Mr. Mixon and State Farm moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  On August 7, 2013, the Court denied that motion, finding that Johnson had sufficiently alleged discrimination, and that although her factual allegations were insufficient to support a retaliation claim, she deserved leave to file an amended complaint.  On August, 9, 2013, plaintiff filed an amended complaint, and on August 23, 2013, State Farm again moved to dismiss for failure to state a claim.

### I. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state

---

[1] Plaintiff mistakenly alleges that she sent the draft complaint on January 30, 2012; however, it is clear from the record that plaintiff probably sent the draft on January 30, 2013.

a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).  In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050.  Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  A corollary: legal conclusions "must be supported by factual allegations." Id. at 678.  Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted).  "Factual allegations must be enough to

4

raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings."  That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief.

5

Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004)(citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).  Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment.  See United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003).

## II. Discussion

Defendant contends that plaintiff fails to state a claim upon which relief can be granted with respect to her discrimination claim under the Louisiana Employment Discrimination Law (LEDL), La. R.S. 23:332, and her retaliation claim under 42 U.S.C. § 1981.

*A.*

State Farm contends that plaintiff cannot state a claim against it for race discrimination under the LEDL, because it is not an "employer" within the meaning of the law.  See La. R.S. 23:302(2).  Plaintiff concedes as much, therefore dismissal is warranted.

*B.*

State Farm next contends that plaintiff fails to state a claim of retaliation under § 1981 because she fails to sufficiently allege a causal connection between a protected activity and an adverse action.  The Court does not agree.

To state a retaliation claim under § 1981, a plaintiff must

6

show that (1) she participated in a protected activity; (2) her employer took an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action. McCoy v. City of Shreveport, 492 F.3d 551, 556-57 (5th Cir. 2007). Protected activity is defined as "opposition to any practice" that is rendered unlawful by antidiscrimination statutes, including the "making a charge, testifying, assisting, or participating in any investigation, proceeding or hearing" under the statutes. Ackel v. Nat'l Commc'ns, Inc., 339 F.3d 376, 385 (5th Cir. 2000). "An employee's informal complaint to an employer may constitute participation in a protected activity, provided that the complaint is in opposition to conduct that is unlawful, and the employee holds a good faith, reasonable belief of the conduct's unlawfulness." Clark v. Chickasaw Cnty., Miss., No. 09-192, 2010 WL 3724301, at *4 (N.D. Miss. Sept. 16, 2010). Adverse employment action includes any "materially adverse change in the terms and conditions of employment," including reassignment to less desirable positions. Burlington N. & Sante Fe Ry. Co. v. White, 548 U.S. 53, 70-71 (2006). Close temporal proximity between an employer's knowledge of a protected activity and an adverse employment action may be sufficient to establish causation. See Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001); Haire v. Board of Supervisors, 719 F.3d 356, 368 (5th Cir. 2013). Finally, disparate treatment of similarly situated employees may also demonstrate

7

unlawful retaliation. Bryant v. Compass Grp. USA, Inc., 413 F.3d 471, 478 (5th Cir. 2005).

Plaintiff's amended complaint contains sufficient factual references that, if accepted as true as they must be at this stage of the case, state a claim to relief that is plausible on its face. Iqbal, 556 U.S. at 678. The amended complaint alleges that after plaintiff sent State Farm a draft of her complaint on January 30, 2013, on February 13, 2013, State Farm refused to approve of her Licensed Staff Agreement; that between February 1, 2013 and April 26, 2013, State Farm refused to pay her commissions; and that from February 13, 2013 to April 26, 2013, State Farm did not allow her to sell policies, but rather, allowed her only to answer the phones. See Breeden, 532 U.S. at 273-74. Plaintiff also alleges that although she was not allowed to sell policies while her LSA awaited approval, in her over nineteen years of experience, State Farm regularly allowed new employees to quote and write insurance while approval of their appointments was pending. See Bryant, 413 F.3d at 478. Plaintiff has also submitted with her complaint a copy of her LSA, and several emails between her employer, Benny Archie, and a State Farm Agency Field Executive, Theresa Hollander, discussing the delayed approval of her LSA. Causey, 394 F.3d at 288. Considering her complaint and the submitted documents, plaintiff has sufficiently pled a protected activity, an adverse employment action, and a causal link between the two. McCoy, 492

F.3d at 556-57.  Plaintiff has therefore sufficiently stated a claim for retaliation under § 1981.

Accordingly, IT IS ORDERED that the defendant's motion to dismiss is GRANTED as to the claim of discrimination under the LEDL, and DENIED as to the retaliation claim.


New Orleans, Louisiana, October 8, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE