## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERMENA JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO:      13-2629** |
| **STATE FARM FIRE & CASUALTY COMPANY, ET AL.** | **SECTION: "F" (4)** |

## ORDER

Before the Court is Plaintiff, Hermena Johnson's ("Johnson") **Motion to Compel State farm to Provide Documents in Initial Disclosures and to Respond Fully to Interrogatories and Requests for Production of Documents, and Provide Witnesses for Deposition (R. Doc. 44).** The motion is opposed. *See* R. Doc. 45. It was heard by oral argument on February 12, 2014.

### I.     Background

Johnson instituted this action alleging among other things race discrimination and retaliation pursuant to 42 U.S.C. § 1981, and the Louisiana Employment Discrimination Laws against her former employer State Farm Fire and Casualty Company, as well as its agent, Carl Mixon ("State Farm" and "Mixon" collectively "Defendants"). *See* R. Doc. 21, p. 1-2, ¶2-3. Specifically, Johnson alleges that State Farm retaliated against her for complaining of race discrimination by refusing to execute a licensed sales agreement for over two months after her license lapsed for one day, and ultimately by terminating her employment. *Id.* See also R. Doc. 44, p. 1.

As to the instant motion, Johnson contends that State Farm has objected to providing

information and or documents responsive to several discovery requests that she propounded on them. Specifically, she contends that State Farm objected to providing information about similarly situated individuals whose license lapsed, which is responsive to Request for Production of Documents number six (6), as well as Interrogatory numbers thirteen through sixteen (13-16). *See id*. at ¶ 2. She also argues that State Farm has refused to provide information about its Field Executive's supervision of other agents although it allegedly takes the position that its agents are independent contractors, which is responsive to Interrogatory number nine (9). *Id*. at ¶ 3. She further contends that State Farm refuses to respond to Interrogatories requesting its methods of tracking demographic data of customers and licensed sales representatives/staff, failed to produced documents identified in its initial disclosures, and failed to provide dates for the deposition of witnesses. *Id*. at ¶4-6. As a result, Johnson seeks an Order compelling State Farm's full responses to these discovery requests as well as for an award of attorney fees, pursuant to Fed. R. Civ. P. 37(a)(5).

## II.   <u>Standard of Review</u>

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is

well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information ... stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at 34(b)(1)(A). "The party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A). "For each item or category, the response must either state that inspection ... will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b)(2)(B). Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection

will be permitted – or fails to permit inspection – as requested under Rule 34. Fed.R.Civ.P. 37(a)(3)(B). Rule 37 also provides, "[i]f the motion is granted—or if the ... requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the Court finds that the opposing party's nondisclosure was "substantially justified, or that other circumstances make an award of expenses unjust." *Id.* at 37(a)(5)(A). Rule 37 sanctions are ultimately guided by the purpose of reimbursing the movant and deterring further discovery violations. *See Day v. Allstate Insurance Co.,* 788 F.2d 1110, 1114 (5th Cir. 1986).

## III.   Analysis

Johnson has filed the instant motion on the grounds because she contends that State Farm has failed to respond appropriately to the discovery requests that she propounded on them. *See e.g.,* R. Doc. 44-1. State Farm has opposed each of Johnson's arguments separately. The Court shall address them in turn:

### 1.   Failure to Produce Documents Identified in Initial Disclosures

Johnson argues that State Farm refused to produce documents identified in its initial disclosures, which were allegedly served on October 31, 2013. Johnson contends that State Farm took the position that she was required to serve a Request for Production of Documents prior to them being required to disclose the documents. Johnson further contends that State Farm insisted that a "confidentiality" order be entered by this Court, which was done on January 13, 2014. *See* R. Doc. 43. However, nearly two months after the initial disclosures were served, and the protective order was entered into by this Court, Johnson contends that State Farm refuses to produce documents it

4

considers confidential. *See* R. Doc. 44-1, p. 2.

In opposition, State Farm contends that as of December 23, 2013, it produced all non-confidential documents identified in its initial disclosures, but that all the confidential documents that would need to be produced would be subject to a protective order. *See* R. Doc. 45, p. 2. State Farm contends that the parties held a discovery conference on January 17, 2014, and that it informed Johnson the confidential documents would soon be produced. As promised, State Farm argues that it produced all confidential documents owed to Johnson as responses to initial disclosures on January 23, 2014. *Id.* State Farm also argues that it produced all confidential documents responsive to Johnson's discovery requests on January 27, 2014. *Id.*

During oral argument counsel for Johnson informed the Court that all the documents requested in the initial disclosures had been produced. As such, this request is **DENIED AS MOOT**.

### 2.     Refusal to Set Deposition Dates

Johnson argues that State Farm has failed to provide dates for the deposition of witnesses. *See* R. Doc. 44, p. 2.

In opposition, State Farm argues that it has not refused to provide deposition dates for multiple witnesses, as only one of the witnesses she intends to depose, Theresa Hollander, works for State Farm. *See* R. Doc. 45, p. 2. State Farm also argues that it has provided dates to Johnson to depose Hollander.

During oral argument, counsel for both parties agreed that depositions have been scheduled. Therefore this issue is moot. As such, this request is **DENIED AS MOOT**.

### 3.     Discovery of Similarly Situated Individuals Related to the Retaliation Claim

Johnson contends that State Farm objected to providing information about similarly situated

individuals whose license lapsed, which is responsive to Request for Production of Documents number six (6), as well as Interrogatory numbers thirteen through sixteen (13-16). [1] *See* R. Doc. 44-1, p. 1, ¶ 2 & 44-1, p. 5. She contends that she simply seeks information about two groups of similarly situated individuals: (1) State Farm licensed staff who suffered a lapse of license; and (2) State Farm staff who sold policies before execution of the Licensed Staff Agreement; and the treatment of these individuals. *See* R. Doc. 44-1, p. 6. Johnson argues that this information is relevant because she alleges that State Farm retaliated against her by refusing to approve her License Sales Agreement for over two months, during which she was prohibited from selling policies and earning commissions. *Id.* at 7. Johnson contends that she has also informally agreed to limit these interrogatory requests to 2000-2013, on all interrogatories except 16.

In opposition, State Farm contends that it produced responsive documents to all of Plaintiff's reasonable discovery requests, but as to those which it objected, Johnson failed to demonstrate the relevance and discoverability of the information pertaining to "lapse in licenses" she seeks. *See* R. Doc. 45, p. 6, 11. Furthermore, State Farm contends that Johnson's requests are overly broad and

---

[1]**Interrogatory 13**: From 2003-present, list all licensed staff who have experienced a lapse of license, the time period of such lapse, and the effect, if any, on the licensed staff agreement.

    **State Farm's Response**: Defendant objects to this Interrogatory on the basis that it fails to identify the information sought with reasonable particularity. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, not reasonably limited in time or scope, not relevant to the claims or defenses of the parties and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the grounds that it seeks confidential and/or private information regarding individuals who are not parties to this action. (State Farm objected to all of the below requests with this same response).

    **Interrogatory 14**: List all policy sales by licensed staff before the execution of a licensed staff agreement from 2003-present.

    **Interrogatory 15**: For each policy listed in response to Rog 14, provide the amount of the commission paid on each policy.

    **State Farm's Response**: same as 13-14, but also adds "Subject to and without waiving these objections, Defendant states that it never made any commission payments to Plaintiff."

    **Interrogatory 16**: Identify each occasion on which a State Farm agent has been instructed to call every customer of a licensed staff representative.

    **Request for Production of Document 6**: Produce all documents related to other lapse in licenses of licensed staff from 2003-present

seek information that is beyond the permissible scope of discovery.  Therefore, they contend that their objections are well-founded. *Id.* at 7.

State Farm also argues that some of the information in these particular requests is not tracked by them, as all of its agents are allegedly "independent contractors" therefore these requests pertain to individuals who are not employed by State Farm. *Id.* at 8. Furthermore, State Farm argues that it would "prove impossible to obtain [this information] with any level of accuracy." *Id.* Therefore, State Farm contends that Johnson's requests would require them to "embark on a nationwide search for any theoretically responsive information," which amounts to nothing more than a fishing expedition. *Id.*

Here, the Court finds that as propounded, Interrogatory Numbers 13, 14, 15, and 16, and Request for Production of Document Number 6, which seek information about similarly situated employees, are overly board, unduly burdensome, and should be narrowly tailored so as to limit the parameters of the information being sought to agents, or policies located in Louisiana. Therefore, the Court sustained State Farm's objections, and suggested that counsel for Johnson direct questions regarding the whereabouts of the information sought in these requests to Theresa Hollander during her deposition. As such, Johnson's request as to Interrogatory numbers 13, 14, 15, and 16, and Request for Production number 6 are **DENIED**.

### 4.  Discovery Related to Employee / Independent Contractor Status of Mixon

Johnson alleges that she was an employee of State Farm and Carl Mixon. *See* R. Doc. 44-1, p. 8. She also alleges that Carl Mixon was an agent of State Farm. *Id.* Therefore, she argues that if she can prove that Mixon was State Farm's agent, she can recover under Fifth Circuit case law. *Id.* She contends that **Interrogatory 9** seeks the names of all agents assigned to Theresa Hollander, who

7

she alleges supervised Mixon for State Farm. *Id.* She also alleges that Theresa Hollander was the executive involved in her termination and the alleged refusal to renew her License Sales Agreement to State Farm agents. *Id.* Therefore, she argues that the information she seeks is relevant to determine whether Mixon was an independent contractor or agent of State Farm for purposes of § 1981.

In opposition, State Farm's response was the same as that listed above in Interrogatory Numbers 13-15. State Farm also contends that the scope of this interrogatory is overbroad, as Johnson's Amended Complaint alleges that "Hollander 'supervised' both [her] former employer, Carl Mixon, and [her] current employer, Benny Archie," ("Archie") but the interrogatory does not limit the information she seeks to Mixon, Archie or their relationship with State Farm. *See* R. Doc. 45, p. 16. State Farm further contends that it has provided extensive documentation regarding both Mixon and Archie's relationship with State Farm, as well as the relationship between both of them. *Id.* Specifically State Farm contends that it provided Johnson with an "Agent Agreement" (A97) which purportedly defines the relationship between State Farm and its authorized agents, as well as "Agent's Acceptance Agreement," which purportedly shows that Mixon and Archie accepted the Agency Agreement terms, and the "Job Description of an Agency Field Executive" which was Theresa Hollander's title at the time of the allegations in Johnson's amended complaint. *See id.* at p. 16-17. Therefore, State Farm argues that its response is sufficient even in light of the overbreadth of the interrogatory.

During oral argument, counsel for Johnson argued that State Farm did not formally answer this interrogatory in writing, but instead it produced a chart from 2010 which identified the particular agents that worked under Theresa Hollander. However, counsel for Johnson argued that it sought

more than one year of information about these agents, as one of Theresa Hollander's agents as early as 2005, allegedly suffered from a lapse in his license, similar to Johnson. Therefore, Johnson seeks to know how that particular employee was treated in comparison to her.

In opposition, counsel for State Farm argued that he was not sure if Theresa Hollander maintained a chart for every year that she was a Field Executive, therefore he was unable to determine whether this information could be easily provided or not. Counsel for State Farm also sought to limit the response to a specific time frame.

After considering the parties arguments, the Court found that State Farm would be required to supplement this response. However, the extent to the supplementation depends on whether or not Theresa Hollander maintained charts for every year she supervised Johnson. If Hollander had a chart for all nine years Johnson seeks information, then State Farm is ordered to produce all nine years worth of charts. In the alternative, if Hollander did not maintain charts for all the years requested, and this interrogatory would require her to compile years of information, the parties are instructed to contact chambers to set up a status conference on the issue. As such, Johnson's request is **GRANTED** as explained above.

### 5.   State Farm's Method of Tracking Demographic Information

Johnson alleges that State Farm refused to respond to **Interrogatory Number 11 and 12**, which requested State Farm describe in detail its methods of tracking demographic data of customers and licensed sales representatives and staff. Johnson contends this is relevant to prove the allegations that State Farm and Mixon desired a larger percentage of Caucasian customers at Mixon's Mid-City New Orleans agency, and that Mixon allegedly believed the race of staff was related to the race of customers attracted to the agency. *See* R. Doc. 44-1, p. 9. Johnson also contends that she has limited

9

the scope of this interrogatory from 2000 to present day, as this time frame limits the time period Mixon was State Farm's agent, and it encompassed the span of her employment, from 2000-2012, which is not overly burdensome. *Id.* at 10.

In opposition, State Farm contends that although Johnson argues that these interrogatories are necessary for her to obtain statistical data to prove pretext in support of her retaliation claim, these interrogatories are irrelevant and seek more information than is necessary to establish a discrimination claim in a single-plaintiff case. *See* R. Doc. 45, p. 18. State Farm further contends that both interrogatories are overbly broad, excessive and unduly burdensome, as "demographic data" relating to policy holder rates are based on a nationwide basis and are irrelevant to Johnson's case. *Id.* at 19. State Farm also argues that is has no system in place that tracks policy holder rates on a company-wide basis with any level of accuracy, therefore there is no way it could provide any responsive information which would be sufficiently reliable.

During oral argument, counsel for Johnson alleged that she sought production of the marketing materials provided from State Farm to its agents. However, she also stated that the bulk of this information is to help establish that the agent which Johnson worked for used race as a marketing tool. The Court determined that these questions were appropriately suited for the individual who Johnson believed had the racist motive. Therefore, the Court sustained State Farm's objections as to the interrogatories being overbroad and not defined with reasonable particularity. As such, Johnson's request is **DENIED**.

### 6. <u>Documents Deemed Confidential - Requests for Production, 4, 5 and 7</u>

Johnson argues that State Farm has refused to produce any responsive documents for which it deemed confidential until a protective order was entered into by this Court. *See* R. Doc. 44-1, p.

10. A protective order was entered into on January 13, 2014, but Johnson contends that no responsive documents were received. *See* R. Doc. 43.

In opposition, State Farm contends that it produced all confidential documents owed to Johnson as responses to initial disclosures and Request for Production No. 7, on January 23, 2014. *See* R. Doc. 45, p. 22. State Farm further contends that on January 27, 2014, it produced all confidential documents responsive to Requests for Production 4 and 5 in its First Supplemental Discovery Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. *Id. See also* R. Doc. 45-8.

During oral argument, counsel for Johnson represented to the Court that since the filing of the underlying motion to compel, State Farm has responded to Requests for Production Numbers 4, 5 and 7.[2] Therefore, this request is **DENIED AS MOOT**.

---

[2]**Request for Production No. 4**:  Produce all files maintained by State Farm on Carl Mixon's employees from 2000-present, excluding personal health information.

**State Farm's Response**:  Defendant objects to this Request on the basis that it fails to identify the information sought with reasonably particularity. Defendant further objects to this Request on the basis that it is overly broad not reasonably limited in time or scope, not relevant to the claims or defenses of the parties and no reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is potentially invasive of the privacy rights of individuals not party to this lawsuit. Defendant further objects to this Request on the grounds that it seeks the disclosure of confidential or competitively sensitive proprietary information or information protected from disclosure. Subjects to and without waiving these objections, responsive documents will be produced subject to the entry of a mutually agreeable protective order.

**Request For Production No. 5:** Produce all communications between Theresa Hollander and Carl Mixon from January 1, 2010 to December 31, 2012.

**State Farm's Response**: Defendant objects to this Request on the basis that it fails to identify the information sought with reasonably particularity. Defendant further objects to this Request on the basis that it is overly broad not reasonably limited in time or scope, not relevant to the claims or defense of the parties and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as it seeks documents that may not be in the possession, custody or control of the Defendant. Subject to and without waiving these objections, Defendant refers to Bates Nos. JOHH00000034PROD-JOHH00000051PROD. Further documents will be produced subject to the entry of a mutually agreeable protective order.

**Request No. 7**: Produce all documents identified in your initial disclosures.

**State Farm's Response**: Defendant objects to this Request on the grounds that it seeks the disclosure of confidential or competitively sensitive proprietary information or information protected from disclosure. Subject to and without waiving these objections, Defendant refers to Bates Nos. JOHH0000001PROD-JOHH0000033PROD. Further documents will be produced subject to the entry of a mutually agreeable protective order.

7.     **Attorney Fees**

Johnson seeks an Order compelling State Farm's full responses to these discovery requests as well as for an award of attorney fees, pursuant to Fed. R. Civ. P. 37(a)(5). Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.  Fed.R.Civ.P. 37(a)(3)(B).

Rule 37 also provides, "[i]f the motion is granted—or if the ... requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the Court finds that the opposing party's nondisclosure was "substantially justified, or that other circumstances make an award of expenses unjust."  *Id.* at 37(a)(5)(A).  Rule 37 sanctions are ultimately guided by the purpose of reimbursing the movant and deterring further discovery violations.  *See Day v. Allstate Insurance Co.,* 788 F.2d 1110, 1114 (5th Cir. 1986).

Because the bulk of the underlying motion to compel was denied as moot or denied, the Court finds that an award of attorneys fees is inappropriate.

IV.   **Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiff, Hermena Johnson's **Motion to Compel State Farm to Provide Documents in Initial Disclosures and to Respond Fully to Interrogatories and Requests for Production of Documents, and Provide Witnesses for Deposition (R. Doc. 44)** is

**DENIED AS MOOT, DENIED,** and **GRANTED IN PART**.

      **IT IS DENIED AS MOOT** as to Plaintiff's Request for Initial Disclosure Documents, Request to Set Deposition Dates, and Requests for Production Numbers 4, 5, and 7.

      **IT IS DENIED** as to Interrogatory Numbers 11, 12, 13, 14, 15 and 16; Request for Production of Document Number 6; and Plaintiff's Request for Attorney Fees.

      **IT IS GRANTED** as to Interrogatory 9. Defendant shall provide full and complete responses to Plaintiff's discovery responses **no later than ten (10) days from the date of this order**.

      New Orleans, Louisiana, this 20th day of February 2014.

                            **KAREN WELLS ROBY**
                  **UNITED STATES MAGISTRATE JUDGE**