UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERMENA JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO:      13-2629** |
| **STATE FARM FIRE & CASUALTY COMPANY, ET AL.** | **SECTION: "F" (4)** |

### ORDER

Before the Court is Plaintiff, Hermena Johnson's **Motion to Amend Complaint (R. Doc. 68).** The motion is opposed. *See* R. Doc.84. It was heard by oral argument on March 26, 2014.

**I.     Background**

Plaintiff, Hermena Johnson ("Johnson") instituted this action alleging among other things race discrimination and retaliation pursuant to 42 U.S.C. § 1981, and the Louisiana Employment Discrimination Laws against her former employer State Farm Fire and Casualty Company, as well as its agent, Carl Mixon ("State Farm" and "Mixon" collectively "Defendants"). *See* R. Doc. 21, p. 1-2, ¶2-3. Specifically, Johnson alleges that State Farm retaliated against her for complaining of race discrimination by refusing to execute a licensed sales agreement for over two months after her license lapsed for one day, and ultimately by terminating her employment. *Id. See* R. Doc. 44, p. 1.

As to the instant motion, Johnson seeks leave of this Court to amend the first amended complaint to add as a defendant in this matter, the employer of Theresa Hollander, the State Farm employee referenced in the Complaint and First Amended Complaint. *See* R. Doc. 68-3, p. 1. The employer is State Farm Automobile Insurance Company ("SFAIC"). *Id.* She also seeks to amend

her first amended complaint to remove the state discrimination claim she alleged pursuant to Louisiana Employment Discrimination Law, La. Rev. Stat. 23:332, as she voluntarily dismissed these claims. *See* R. Doc. 68-1, p. 7; *see also* R. Doc. 30, p. 9.

## II. **Standard of Review**

Federal Rules of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." Rule 15(a)(2). This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id.*

Leave to amend is by no means automatic, but is within the sound discretion of the trial court. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). In exercising its discretion, the trial court must determine that there is a "substantial reason" for the delay. *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 425 (5th Cir. 2004). The Court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

**III.     Analysis**

Johnson filed the instant motion after the expiration of deadlines set by this Court, seeking leave to file her second amended complaint to add SFAIC, as the employer of Theresa Hollander, the State Farm employee referenced in the Complaint and First Amended Complaint. *See* R. Doc. 68-3, p. 1.

Although Rule 15(a) governs the amendments of pleadings, the Fifth Circuit has established that Rule 16(b) "governs the amendment of pleadings after a scheduling order deadline has expired." *Hernandez v. Mario's Auto Sales, Inc*., 617 F. Supp. 2d 488, 492-93 (S.D. Tex. 2009); *see also S & W Enters., L.L.C. v. S. Trust Bank of Ala., NA,* 315 F.3d 533, 536 (5th Cir. 2003). Rule 16 provides that a scheduling order may only be modified for good cause shown and with the Judge's consent. *Id. See also* Fed. R. Civ. P. 16(b)(4).

The Fifth Circuit has explained that "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id. citing S & W Enters., L.L.C. v. SouthTrust Bank of Ala.*, *NA*, 315 F.3d 533, 535 (5th Cir.2003) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed.1990)).

In determining whether a party has provided good cause to amend a pleading after the deadline set in the Scheduling Order, Courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters.,* 315 F.3d at 535. "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S*

*& W Enters., LLC*, at 535 (internal quotations and citations omitted).

Before considering the merits of the motion to amend, in accordance with the presiding Judge's Scheduling Order, amendments to pleadings were due no later than November 17, 2013. *See* R. Doc. 31. No extensions were granted, and the Scheduling Order expressly stated that any motion, or in this instance, amendment would necessitate a showing of good cause. *Id.* Johnson filed the instant motion to amend on March 3, 2014, nearly four months after the deadline, and is thus, untimely. Therefore, the Court must first determine whether good cause exists to warrant the allowance of this amendment.

Johnson does not address the good cause argument. However, in opposition to the motion to amend, State Farm contends that Johnson has failed to provide "good cause" for waiting nearly four months after the expiration of the deadline to file amendments to pleadings, and three months before trial to file the proposed amended pleading. *See* R. Doc. 84, p. 2.

Specifically, State Farm contends that on August 7, 2013, this Court ruled on its motion to dismiss, and gave Johnson the opportunity to amend her complaint as it pertained to her claim of retaliation based on 42 U.S.C. § 1981. *See id.,* citing R. Doc. 18. Johnson filed an Amended Complaint on August 9, 2013 (R. Doc. 21), which State Farm contends included a contractual agreement which identified SFAIC as one of the potential contracting entities to which Johnson entered into an agreement. *Id.* Therefore, State Farm contends that even though Johnson purportedly knew of the existence of SFAIC as a possible defendant, she failed at that time to add it as a defendant in this matter. *Id.*

State Farm also argues that allowing this amendment to proceed will cause all defendants in this matter potential prejudice as the close of discovery deadline is April 4, 2014, and the trial is scheduled to begin on May, 27, 2014, which would not give them ample time to adequately prepare

for trial. *Id.* at p. 7. As such, State Farm contends that Johnson's motion should be denied because she has failed to provide good cause to warrant the allowance of the untimely filed proposed pleading. *Id.*

During oral argument, counsel for State Farm reiterated that Johnson has been apprised of the existence of SFAIC as a potential defendant in this matter for several months. However, in response, counsel for Johnson indicated that her client was not apprised of this information until the deposition of Theresa Hollander, which took place in the last two weeks.

After examining the record, the Court is not persuaded by Johnson's argument, as the record reveals that the agent license agreement filed into the record on August 9, 2013, attached to Johnson's First Amended Complaint (R. Doc. 21), revealed that Johnson herself was an employee of both SFAIC and State Farm. Therefore, the Court finds that Johnson has been apprised of the existence of SFAIC as a possible employer of Johnson, without regards to it being Hollander's employer also, long before the expiration of the deadline for filing amended pleadings. As such, the Court finds that good cause does not exist to permit the filing of an amended pleading at this late of a date, when trial is scheduled to begin on May 27, 2014, the deadline to amend pleadings has long since expired, and the discovery deadline is April 4, 2014.

**IV.   Conclusion**

**IT IS ORDERED** that Plaintiff, Hermena Johnson's **Motion to Amend Complaint (R. Doc. 68)** be **DENIED**.

New Orleans, Louisiana, this 27th day of March 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**