UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERMENA JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO:      13-2629** |
| **STATE FARM FIRE & CASUALTY COMPANY, ET AL.** | **SECTION: "F" (4)** |

### ORDER

Before the Court is Defendant, State Farm Fire and Casualty Company's ("State Farm") **Motion to Quash Rule 30(b)(6) Depositions on Behalf of Defendant State Farm Fire and Casualty Company and Non-Party State Farm Mutual Automobile Insurance Company** ("SFAIC") **(R. Doc. 79).** The motion is opposed. *See* R. Doc. 89. It was heard by oral argument on March 26, 2014.

### I.   Background

Plaintiff, Hermena Johnson ("Johnson") instituted this action alleging among other things race discrimination and retaliation pursuant to 42 U.S.C. § 1981, and the Louisiana Employment Discrimination Laws against her former employer State Farm Fire and Casualty Company, as well as its agent, Carl Mixon ("State Farm" and "Mixon" collectively "Defendants"). *See* R. Doc. 21, p. 1-2, ¶2-3. Specifically, Johnson alleges that State Farm retaliated against her for complaining of race discrimination by refusing to execute a licensed sales agreement for over two months after her license lapsed for one day, and ultimately by terminating her employment. *Id. See* R. Doc. 44, p. 1.

As to the instant motion, State Farm and non-party, SFAIC[1] seek an Order from this Court quashing the 30(b)(6) depositions which were scheduled unilaterally by Johnson on February 26, 2014, to take place on April 1, 2014, ranging over 18 "disparate and wide ranging topics." *See* R. Doc. 79, p. 1. Specifically, State Farm objects to the location and the taking of the 30(b)(6) depositions in New Orleans, Louisiana, as State Farm and SFAIC's offices are located in Bloomington, Illinois, and Johnson has failed to establish any peculiar circumstances justifying the corporate depositions take place in New Orleans. *See id.* Furthermore, counsel for Defendants indicated that April 1, 2014 was inconvenient for the deposing of their 30(b)(6) witnesses. *Id.* at p. 2. Therefore, State Farm seeks an Order from this Court quashing the 30(b)(6) notice of depositions on State Farm and SFAIC. *Id.*

## II.     Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of

---

[1] Although a non-party, SFAIC, has the ability to join in the instant motion to quash, as a non-party may move for such relief from the Court. *See e.g.,Morawski v. Farmers Texas Cnty. Mut. Ins. Co.*, 2014 WL 717170 (N.D. Tex. Feb. 25, 2014); *Terwillegar v. Offshore Energy Serv's, Inc.,* No. 07-01376, 2008 WL 2277879, at *1 (E.D. La. May 29, 2008).

discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending-or as an alternative on matters relating

> to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

*See* Fed.R.Civ.P. 26(c)(1). Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998); *see also Baggs v. Highland Towing, L.L.C.*,No., No. 99-1318, 1999 U.S. Dist. LEXIS 11450, at *6-7, 1999 WL 539459, at *2 (E.D. La. July 22, 1999) (Rule 26(c)(2) orders may be issued only when the moving party makes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.").

"In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." *Clemons v. Hartford Ins. Co. of Midwest*, No. 07-8917, 2009 WL 1605154 (E.D. La. June 5, 2009); *see* Fed.R.Civ.P. 30(b)(6). The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. *Id.*

Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* At 45(c)(1). A motion for a subpoena must be quashed or modified where, *inter alia*, the subpoena "(i) fails to allow a reasonable time to comply . . .(iii) requires disclosure of

privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." *Id.* at 45(c)(3)(A). A court may, in lieu of the above, "order appearance or production under specified conditions if the serving party (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." *Id.* at 45(c)(3)(C).

### III.  Analysis

State Farm and non-party, SFAIC, seek this Court quash the 30(b)(6) depositions which were scheduled unilaterally by Johnson on February 26, 2014, to take place on April 1, 2014, ranging over 18 "disparate and wide ranging topics." *See* R. Doc. 79, p. 1. First, State Farm objects to the location and the taking of the 30(b)(6) depositions in New Orleans, Louisiana, as State Farm and SFAIC's offices are located in Bloomington, Illinois, and Johnson has failed to establish any peculiar circumstances justifying the corporate depositions take place in New Orleans. *See id.*

Second, counsel for Defendants indicated that April 1, 2014 was inconvenient for the deposing of their 30(b)(6) witnesses, but Johnson still noticed it on that date. *Id.* at p. 2. Therefore, State Farm seeks an Order from this Court quashing the 30(b)(6) notice of depositions on State Farm and SFAIC. *Id.* However, State Farm represents that it does not oppose producing witnesses to address a reasonable set of deposition topics at a mutually convenient time for both parties, in Bloomington, Illinois. *See* R. Doc. 79-1, p. 1. Therefore, State Farm seeks an Order from this Court quashing the 30(b)(6) depositions of it and SFAIC pursuant to Fed. R. Civ. P. 26(c).

In opposition, Johnson contends that State Farm previously offered to provide local witnesses before requiring an out of town deposition, even though it now indicates that it cannot produce witnesses in New Orleans. *See* R. Doc. 89, p. 4. Furthermore, Johnson contends that although

corporate depositions are taken through its agents or officers at the corporation's principal place of business, this Court in 2009 found "that the 30(b)(6) deposition of an insurance company was to be taken in New Orleans, Louisiana, instead of Aurora, Illinois." *See id.* at p. 5; citing *Clemons v. Hartford Insurance Company of the Midwest,* 2009 WL 1605154 at*5 (E.D. La. 2009).

Before the Court could consider the arguments of the parties, during oral argument, counsel for State Farm represented to the Court that he believed the motion did not need to be decided by the Court, because the parties were going to agree to a compromise on the matter. Counsel for Johnson agreed.

Counsel for State Farm sought for the Court to continue the matter until the next available date on the Court's hearing calendar. However, the Court was not comfortable with this suggestion, and had the parties conduct a meet and confer conference to amicably resolve the matters which were submitted for the Court's consideration. After the parties conferred, counsel for State Farm stated the following compromise on the record:

> The parties would agree to a limited discovery extension to permit for the previously noticed 30(b)(6) deposition of both State Farm and SFAIC which was scheduled to occur on April 1, 2014,until the week of April 7, 2014, or April 14, 2014, depending on the most convenient date for counsel and witnesses. The 30(b)(6) notice of deposition for both SFAIC and State Farm was previously scheduled to take place in New Orleans, Louisiana. The parties agreed that both 30(b)(6) depositions shall take place in Bloomington, Illinois, the location of State Farm's corporate offices.

As for the topics which were originally objected to on the basis of either overbreadth, vagueness, lack of reasonable particulairt, irrelevancy and / or overbreadth, the parties agreed that

the topics included in Johnson's notice would be limited as followed:

**Topic 1**, which seeks the Job Duties of an Agency Field Executive, would be limited to the time period of 2010-2013.

**Topic 2**, which seeks the Agency Field Executive's role in hiring, firing, and disciplining staff and licensed sales representatives, would be limited to the time period of 2010-2013.

**Topic 3**, which seeks to discuss the structure of State Farm's intranet and information available thereon, would be limited to the years 2010-2012. State Farm also agreed to produce witnesses who can testify on behalf of both State Farm entities about the information available on the intranet and the structure thereof. However, to the extent there was any information on Theresa Hollander, the time frame would be extended from 2010-2013.

**Topic 4**, which seeks to discuss storage of language preference in "household" customer information, would be limited to the years 2010-2012. State Farm also agreed to produce witnesses who can testify about the storage of language preference information.

**Topic 5**, which seeks Mixon's licensed sales representatives' productively from 2008-present, would be limited to the time period of 2010-2012.

**Topic 6**, which seeks the race of Mixon's policyholders from 2008-present, would be limited to the time period of 2010-2012.

**Topic 7**, which seeks the zip code of Mixon's policyholders from 2008-present, would be limited to the time period of 2010-2012.

**Topic 8**, which seeks to discuss marketing activities recommended to Mixon, including targets of such marketing, would be limited to the time period of 2010-2012.

**Topic 9**, which seeks to discuss the marketing requested by Mixon, including marketing by zip code, would be limited to the time period of 2010-2012.

**Topic 10**, which seeks to discuss information available on sf.net, its predecessors or successors, was subsumed into topic number 3.

**Topic 11**, which seeks to discuss all the actions taken by State Farm to prevent redlining in the New Orleans Metropolitan area, would be limited to the time period of 2010-2012.

**Topic 12**, which seeks to discuss all complaints made about Carl Mixon, was limited to five years from present date, therefore, the request would be limited to 2009 - present.

**Topic 13**, which seeks the race of Mixon's licensed sales representatives from 2000-present, would be limited to the time period of 2010-2012.

**Topic 14**, which seeks to discuss State Farm's treatment of other licensed sales representatives whose license was suspended during the period of between 2005-2013, would be limited to only those agents assigned to Theresa Hollander and Savoie, from 2010-2012.

**Topic 15**, which seek policies or procedures of State Farm for suspension of Licensed Sales Agreements for lapses of licenses, would be limited to only those agents assigned to Theresa Hollander and Savoie, from 2010-2012.

**Topic 16**, which seeks to discuss State Farm's treatment of other licensed sales representatives who wrote policies while the licensed sales agreement was pending between

2005-2013, would be limited to only those agents assigned to Theresa Hollander and Savoie, from 2010-2012.

**Topic 17**, which seeks to discuss the discipline of Theresa Hollandar, would not be limited.

**Topic 18**, which seeks to the Notice to State Farm of Plaintiff's January 30, 2013 demand letter, would not be limited.

## IV.     Conclusion

Based on the agreement of the parties, **IT IS ORDERED** that Defendant, State Farm Fire and Casualty Company's **Motion to Quash Rule 30(b)(6)(R. Doc. 79)** is **DENIED AS MOOT**.

New Orleans, Louisiana, this 27th day of March 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

8