```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| HERMENA M. JOHNSON | CIVIL ACTION |
| VERSUS | NO. 13-2629 |
| STATE FARM FIRE & CASUALTY CO.<br>& CARL W. MIXON d/b/a CARL W.<br>MIXON-STATE FARM INSURANCE | SECTION F |

<u>ORDER AND REASONS</u>

Before the Court are the plaintiff's appeal from the magistrate judge's order denying leave to amend, and the defendants' motions for summary judgment. For the reasons that follow, the magistrate judge's order is AFFIRMED, Mixon's motion for summary judgment is DENIED, and State Farm's motion for summary judgment is GRANTED in part and DENIED in part.

<u>Background</u>

This dispute involves alleged racial discrimination and retaliation.

Hermena M. Johnson, an African-American woman, began working for State Farm Fire and Casualty Company at its Mid-City office on Canal Street in 1996. At the time, Angela Leone was the agent in charge of the Canal Street office, and the office was composed of four licensed staff representatives and one non-licensed staff member. Two of the four licensed staff representatives were African-American and the other two were Caucasian. The one non-

1

licensed staff member was Latino. Ms. Johnson was employed as a licensed staff representative, and her compensation included salary and commissions.

Carl Mixon became the agent in charge of the Canal Street office in 2000. Mr. Mixon allegedly instituted changes within the office, including assigning customers to agents based on race instead of the alphabet, which had been the practice before Mr. Mixon's arrival. Mr. Mixon also replaced minority staff (both an African-American and Latino staff member) with Caucasian employees after the minority staff members resigned. When the Latino staff member resigned, Mr. Mixon purportedly said that he did not want to expand "that business." In 2010, Mr. Mixon also relocated the African-American receptionist from the front office to the back office, replacing the front-office receptionist with a Caucasian employee. Mr. Mixon also allegedly used the remarks "raghead" and "dago" in Ms. Johnson's presence.

In early 2012, Mixon terminated Johnson, who was the only remaining African-American employee in the Canal Street office. At the time of her termination, Ms. Johnson had nineteen years of experience and had worked for Mixon for twelve years. Although Ms. Johnson contends that she was the top-producing licensed agent, the stated reason for Johnson's termination was that "production" was "not there." Ms. Johnson claims she was replaced by a Caucasian woman named Dawn Melerine, and that the entire office is now

Caucasian.  In December 2012, Ms. Johnson found employment with another State Farm agent, Benny Archie.

On January 30, 2013, Ms. Johnson sent State Farm a draft of the complaint for this lawsuit.  As a result, Johnson alleges that State Farm, through its Agency Field Executive, Theresa Hollander, retaliated against her by denying her commissions, prohibiting her from selling policies, and delaying the approval of her Licensed Staff Agreement (LSA).  On May 6, 2013, Ms. Johnson sued Mr. Mixon and State Farm in this Court, alleging racial discrimination and retaliation in violation of 42 U.S.C. § 1981.[1]

The defendants moved to dismiss the complaint under Rule 12(b)(6), and the Court denied the motions in relevant part.[2]  The defendants now move for summary judgment, and the plaintiff seeks review of the magistrate judge's order denying her leave to file a second amended complaint.

## I.  Appeal of Magistrate Judge's Order

A magistrate judge is afforded broad discretion in the resolution of non-dispositive motions.  See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).  If a party objects to a magistrate judge's ruling on a non-dispositive matter, the Court

---

[1] Johnson also alleged racial discrimination in violation of the Louisiana Employment Discrimination Law (LEDL), La. R.S. 23:332, but the Court dismissed that claim on October 8, 2013.

[2] Mixon filed just one motion to dismiss, which was denied, but State Farm filed two, the first of which was denied and the second granted in part as to plaintiff's claim of under the LEDL.

will disturb a magistrate's ruling only when the ruling is "clearly erroneous or contrary to law." See Fed. R. Civ. P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).

The plaintiff, Ms. Johnson, appeals the magistrate judge's order denying leave to file a second amended complaint in order to add State Farm Mutual Automobile Insurance as a defendant. Notably, Johnson's request for leave to amend came after expiration of the deadline for amending pleadings provided by this Court's scheduling order. The magistrate judge determined that Johnson failed to establish good cause to excuse the late filing, reasoning that although Johnson claimed to have just learned that State Farm Mutual Automobile Insurance Company (and not State Farm Fire and Casualty Company) was Theresa Hollander's employer, that information had long been available to the plaintiff. The magistrate judge found that the need to amend after expiration of the scheduling order deadline could have been avoided with reasonable diligence, and so Johnson could not show good cause.

Although Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires," the Fifth Circuit has explicitly held that Rule 16(b) is the rule that governs amendment of pleadings after a scheduling order deadline has expired. Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003). Rule 16(b) provides that a scheduling order "shall not be modified except upon a

4

showing of good cause and by leave of the district judge." The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." S&W Enters., LLC v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2013). Only when the movant demonstrates good cause to modify a scheduling order will the more liberal standard of Rule 15 apply to the district court's decision to grant or deny leave. Id.

The Fifth Circuit has set forth a four-part test governing the exercise of this Court's discretion in determining whether a movant has established good cause. Id. The Court considers: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Id.

In her appeal submission, Johnson contends that even though she sought leave to amend well after the expiration of the scheduling order deadline, she can still show good cause. Johnson argues that good cause exists because of the statute of limitations, because the magistrate judge's order will unnecessarily multiply the proceedings, and because there is no evidence of bad faith or undue delay on Johnson's part. The Court disagrees. Not only did Ms. Johnson fail to present these arguments to the magistrate judge, the magistrate correctly found

5

that Johnson's failure to exercise reasonable diligence foreclosed a finding of good cause. The magistrate judge also correctly concluded that allowing amendment at this stage of the proceedings would be unduly disruptive--considering that the discovery and dispositive motions deadlines have already passed and trial is just a few weeks away. Johnson fails to show any clear error, and so the Court is not persuaded that it should upset the magistrate judge's ruling.

## II. Summary Judgment Motions

### A. Legal Standard

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is

appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

B. Discrimination Claims

1.

Both defendants seek dismissal of Johnson's claims for racial discrimination under 42 U.S.C. § 1981. Claims under § 1981 are analyzed under the same framework as Title VII employment discrimination claims. Jones v. Robinson Prop. Grp., L.P., 427 F.3d 987, 992 (5th Cir. 2005). To prove a claim of intentional discrimination, a plaintiff may rely on either direct or circumstantial evidence. Dunaway v. Cowboys Nightlife, Inc., 436 F. App'x 386, 389 (5th Cir. 2011). In the absence of direct

7

evidence of discrimination, courts analyze discrimination claims under the burden-shifting framework established in McDonnell Douglas Corp v. Green, 411 U.S. 792, 802-05 (1973). See Jones, 427 F.3d at 992. To establish a prima facie case of race discrimination under § 1981, a plaintiff must prove that she is (1) a member of a protected class; (2) qualified for the position; (3) subject to an adverse employment action; and (4) was replaced by someone outside the protected class or show that similarly situated employees were treated more favorably. See McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir. 2007); see also Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 404 (5th Cir. 1999). If the plaintiff establishes a prima facie case, then "a presumption of discrimination arises and . . . the burden shifts to the defendant to produce a legitimate, nondiscriminatory justification for its actions." Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002). If the defendant meets that burden, then the plaintiff must show the stated nondiscriminatory reason was pretextual. Id.

The defendants contend that Johnson cannot prove intentional discrimination because she cannot show that she was replaced by someone outside the protected class or that a similarly situated employee was treated more favorably. Johnson counters that she has direct evidence of intentional discrimination, including Mixon's use of racial slurs and the allegation that his office is now

8

comprised exclusively of Caucasian employees. Alternatively, Johnson submits that she has sufficient circumstantial evidence for a prima facie case of discrimination. It is undisputed that Ms. Johnson is African American and that Mixon terminated her from her position as licensed staff representative; Johnson asserts that she was qualified for that position, that she was replaced by a Caucasian employee, and that similarly situated Caucasian employees were treated more favorably. In support of her contentions, Johnson presents testimony and documentary evidence showing that right before her termination, Mixon hired a Caucasian woman named Dawn Melerine, who is also a licensed staff representative. Johnson also presents evidence that she frequently sold more policies than her Caucasian coworkers but that she was nonetheless terminated for alleged poor performance.

The Court is persuaded that material factual disputes exist regarding Johnson's discrimination claims. Although Johnson has no direct evidence of intentional discrimination, she presents sufficient circumstantial evidence to establish a prima facie case. The record evidence establishes material factual issues regarding whether Ms. Johnson was replaced by someone outside the protected class or whether Mixon treated similarly situated employees outside the protected class more favorably. And even though the defendants have proffered a legitimate nondiscriminatory reason for Ms. Johnson's termination in the form of her alleged poor performance,

9

Johnson has presented sufficient evidence of pretext in the form of the alleged disparate treatment. Summary relief is therefore inappropriate, at least with respect to Mixon.

2.

State Farm also contends that it is entitled to summary judgment on the discrimination claim against it because Johnson cannot establish that State Farm (as opposed to Mixon) took any adverse action against her.  State Farm asserts that it was never Johnson's employer, and that Mixon is not State Farm's agent for purposes of § 1981.  The Court agrees.  This Court applies a "hybrid economic realities/common law control test" to determine whether an employment relationship exists under § 1981.  See Deal v. State Farm County Mut. Ins. Co., 5 F.3d 117, 118-19 (5th Cir. 1993)(involving Title VII and the ADEA); see also Jones v. Robinson Prop. Grp., LP, 427 F.3d 987, 992 (5th Cir. 2002)(Title VII and § 1981 claims are analyzed under the same framework).  The record evidence in this case establishes that State Farm did not control Ms. Johnson and that the economic realities did not suggest an employer/employee relationship between Ms. Johnson and State Farm. Deal, 5 F.3d at 119.  Instead, Mixon was solely responsible for hiring, firing, supervising, paying, and providing benefits to Johnson.  Id.  The record evidence also shows that Mixon was not an agent of State Farm within the meaning of § 1981 because he was solely and independently responsible for all employment related

decisions. Id. Johnson's unsupported speculation that Theresa Hollander somehow influenced Mixon's decisions on who to hire and fire is insufficient to defeat summary judgment.

### C. Retaliation Claim

To prove a retaliation claim under § 1981, a plaintiff must show that (1) she participated in a protected activity; (2) her employer took an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action. McCoy v. City of Shreveport, 492 F.3d 551, 556-57 (5th Cir. 2007). Protected activity is defined as "opposition to any practice" that is rendered unlawful by antidiscrimination statutes, including the "making a charge, testifying, assisting, or participating in any investigation, proceeding or hearing" under the statutes. Ackel v. Nat'l Commc'ns, Inc., 339 F.3d 376, 385 (5th Cir. 2000). "An employee's informal complaint to an employer may constitute participation in a protected activity, provided that the complaint is in opposition to conduct that is unlawful, and the employee holds a good faith, reasonable belief of the conduct's unlawfulness." Clark v. Chickasaw Cnty., Miss., No. 09-192, 2010 WL 3724301, at *4 (N.D. Miss. Sept. 16, 2010). Adverse employment action includes any "materially adverse change in the terms and conditions of employment," including reassignment to less desirable positions. Burlington N. & Sante Fe Ry. Co. v. White, 548 U.S. 53, 70-71 (2006). Close temporal proximity between an employer's

11

knowledge of a protected activity and an adverse employment action may be sufficient to establish causation. See <u>Clark Cnty. Sch. Dist. v. Breeden,</u> 532 U.S. 268, 273-74 (2001); <u>Haire v. Board of Supervisors</u>, 719 F.3d 356, 368 (5th Cir. 2013). Finally, disparate treatment of similarly situated employees may also demonstrate unlawful retaliation. <u>Bryant v. Compass Grp. USA, Inc.</u>, 413 F.3d 471, 478 (5th Cir. 2005).

If the plaintiff makes a prima facie showing of retaliation, then the burden shifts to the employer to proffer a legitimate rationale for the allegedly retaliatory action. <u>Aryain v. Wal-Mart Stores Tex. LP</u>, 534 F.3d 473, 484 (5th Cir. 2008). "If the employer meets this burden of production, the plaintiff then bears the burden of proving that the employer's reason is a pretext for the actual retaliatory reason." <u>Id.</u>

State Farm contends that Johnson has no competent summary judgment evidence to support her race discrimination claim. Even though the Court already rejected an identical argument in State Farm's first motion to dismiss, State Farm again argues that plaintiff's allegations improperly pertain to other employees and to conduct occurring outside of the four-year limitations period. State Farm also submits that Johnson cannot demonstrate the requisite causal connection between any protected activity and any adverse employment action. Johnson responds that she presents sufficient evidence of a pattern or practice of minority

12

discrimination. She also contends that temporal proximity combined with alleged disparate treatment between her and other similarly situated employees demonstrates a causal link between the mailing of her complaint and the suspension of her LSA and withholding of her commissions. Although Johnson admits that the suspension occurred after she allowed her state insurance license to lapse for several days, she presents evidence that other employees faced only 45 to 60 day suspensions (or less) for similar violations but that her suspension lasted 80 days.

The Court is again persuaded that material factual disputes remain regarding Ms. Johnson's retaliation claim. Ms. Johnson presents evidence of a protected activity, an adverse employment action, and a causal link between the two, and her evidence of pretext is sufficient to withstand summary judgment.

Accordingly, IT IS ORDERED that the magistrate judge's order denying leave to amend is AFFIRMED, that Mixon's motion for summary judgment is DENIED, and that State Farm's motion for summary judgment is GRANTED with respect to the discrimination claim and DENIED with respect to the retaliation claim.

New Orleans, Louisiana, April 30, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

13