UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERMENA M. JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-2629** |
| **CARL W. MIXON, ET AL.** | **SECTION: "F" (4)** |

## ORDER

Before the Court is Plaintiff, Hermena Johnson's ("Johnson") **Motion to Quash Subpoena (R. Doc. 116).** The motion is opposed. *See* R. Doc. 137. It was heard by oral argument on April 30, 2014.

### I.  Background

Plaintiff, Hermena Johnson ("Johnson") instituted this action alleging among other things race discrimination and retaliation pursuant to 42 U.S.C. § 1981, and the Louisiana Employment Discrimination Laws against her former employer State Farm Fire and Casualty Company, as well as its agent, Carl Mixon ("State Farm" and "Mixon" collectively "Defendants"). *See* R. Doc. 21, p. 1-2, ¶2-3. Specifically, Johnson alleges that State Farm retaliated against her for complaining of race discrimination by refusing to execute a licensed sales agreement for over two months after her license lapsed for one day, and ultimately by terminating her employment. *Id. See* R. Doc. 44, p. 1.

As to the instant motion, Johnson seeks an Order from this Court to quash the subpoena State Farm issued to Allstate Insurance Company, for the employee records of Kisha Moliere, a former

employee of Carl Mixon, on the grounds that she was provided with a transmittal letter to the Secretary of State on April 4, 2014, the discovery deadline in this matter. *See* R. Doc. 116, p. 1, citing R. Doc. 31. Johnson contends that this subpoena sought Kisha Moliere's employment records from Allstate. *Id.* Therefore, Johnson contends that because this subpoena was issued on the day of the close of the discovery period, it is untimely and should be quashed. *Id. citing Williams v. Weems Community Mental Health Cetner,* 2006 WL 905955 at*2 (S.D. Miss. 2006)(citing *Wiwa Royal Dutch Petroleum Co.,* 392 F.3d 812 (5th Cir. 2004)("subpoenas are a form of discovery and subject to all of the structures governing discovery, including the deadlines set forth in the [Scheduling Order]"); *see also Barrios v. Fireman's Fund Ins. Co.,* 2010 WL 908737 (E.D. La. 2010).

## II.  Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less

burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.  *Id.*  In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues.  *Id.* at 26(b)(2)(C)(iii).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.  *Id.*  In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues.  *Id.* at 26(b)(2)(C)(iii).

The decision to enter a protective order is within the Court's discretion.  *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995).  Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders.  It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending-or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

*See* Fed.R.Civ.P. 26(c)(1).  Rule 26(c), however, contains a requirement that good cause be shown

to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998); *see also Baggs v. Highland Towing, L.L.C.*,No., No. 99-1318, 1999 U.S. Dist. LEXIS 11450, at *6-7, 1999 WL 539459, at *2 (E.D. La. July 22, 1999) (Rule 26(c)(2) orders may be issued only when the moving party makes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.").

Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* at 45(c)(1). A motion for a subpoena must be quashed or modified where, *inter alia*, the subpoena "(i) fails to allow a reasonable time to comply . . .(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." *Id.* at 45(c)(3)(A). A court may, in lieu of the above, "order appearance or production under specified conditions if the serving party (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." *Id.* at 45(c)(3)(C).

### III.   Analysis

Johnson seeks an Order from this Court to quash a subpoena issued by State Farm to Allstate Insurance Company for the employment records of Kisha Moliere, a former employee of Carl Mixon. Specifically, Johnson contends that this subpoena was issued to the Secretary of State on April 4, 2014, the date of the discovery deadline in this matter. *See* R. Doc. 116, p. 1, citing R. Doc. 31. As such, Johnson contends that because this subpoena was issued on the day of the close of the

discovery period, it is untimely and should be quashed. *Id. citing Williams v. Weems Community Mental Health Center,* 2006 WL 905955 at*2 (S.D. Miss. 2006)(citing *Wiwa Royal Dutch Petroleum Co.,* 392 F.3d 812 (5th Cir. 2004)("subpoenas are a form of discovery and subject to all of the structures governing discovery, including the deadlines set forth in the [Scheduling Order]"); *see also Barrios v. Fireman's Fund Ins. Co.,* 2010 WL 908737 (E.D. La. 2010). As such, Johnson seeks this Court quash State Farm's subpoena.

In opposition, State Farm contends that Johnson's motion should be denied because she has no standing to object to State Farm's subpoena, as there is no suggestion that the information being sought is improper, or that State Farm failed to comply with Fed. R. Civ. P. 45. Furthermore, State Farm contends that Johnson noticed the deposition of Kisha Moliere, a former employee of co-defendant Carl Mixon ("Mixon") on April 3, 2014, to be taken on April 4, 2014, the date of the discovery deadline. *See* R. Doc. 137, p. 1. During that deposition Moliere testified that she has worked with Allstate Insurance Company since 2008, after leaving Mixon's office around 2002. *Id.* As such, State Farm issued a subpoena for Allstate's records regarding Moliere on April 4, 2014.

State Farm contends that in accordance with La. Rev. Stat. ann.§22:335, the registered agent for service of process on foreign insurance corporations such as Allstate is the Secretary of State. *Id.* at p. 2. State Farm contends that it confirmed the Secretary of State received notice of the subpoena on Monday, April 7, 2014. Thus service was complete on the first business day after the close of discovery, and thus should not be disallowed, because State Farm only became aware of the records on April 3, 2014, one day before the expiration of the discovery period. *Id.* Thus on the timeliness issue State Farm contends that Johnson's motion should be denied.

State Farm also contends that the Court should also deny Johnson's motion on the basis that

5

she lacks the standing to object to the subpoena because Johnson lacks a personal right, privilege or sufficient interest in the subject matter of the subpoena. *See* R. Doc. 137, p. 2-3 citing *Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.*, No. 5:07CV191, 2008 WL 2944671 (E.D. Tex. July 25, 2008) at *1; *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979) (" . . . a party, although not in possession or control of the requested materials and not the person to whom a subpoena is directed, does have such standing if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it"). Thus, because Johnson has shown no protectable interest or right in the subpoena being issued to Allstate, State Farm contends that she lack standing to object and or move for this Court to quash the subpoena.

Subpoenas are governed by Rule 45 of the Federal Rules of Civil Procedure. Ordinarily, "a motion to quash or modify a subpoena under Rule 45(c)(3) may be made by the person to whom the subpoena is directed because that person has standing to attack the subpoena." *Ass'n of Am. Physicians & Surgeons,* 2008 WL 2944671 at *1; citing *Shepard v. Castle*, 20 F.R.D. 184 (W.D.Miss.1957). However, "a party, although not in possession or control of the requested materials and not the person to whom a subpoena is directed, does have such standing if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it." *Id. citing Brown v. Braddick,*, 595 F.2d 961, 967 (5th Cir.1979).

During oral argument, counsel for Johnson conceded on the record that she improperly filed a motion to quash, and therefore, she sought to convert her procedurally improper motion to a motion for a protective order so that she would have standing to object to the subpoena. Upon further questioning by the Court, counsel for Johnson failed to state any reasons why she has a personal interest in or privilege in the records being subpoenaed from All State. Therefore, the Court

finds that Johnson's motion is denied.

## IV.     Conclusion

**IT IS ORDERED** that Plaintiff, Hermena Johnson's ("Johnson") **Motion to Quash Subpoena (R. Doc. 116)** is **DENIED**.

New Orleans, Louisiana, this 1st day of May 2014

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**